**Trudy Hanson Fouser, ISB No. 2794**
tfouser@gfidaholaw.com
**Eric W. Stokes, ISB No. 11058**
estokes@gfidaholaw.com
**Gjording Fouser PLLC**
950 W. Bannock Street, Ste. 950
Boise, Idaho 83702
Telephone: 208.336.9777
Facsimile: 208.336.9177
E-service: gfcases@gfidaholaw.com

*Attorneys for Centurion of Idaho, LLC*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IDOC; RONA SIEGERT; CPL. GARCIA;<br>CENTURION MEDICAL;<br><br>　　　　　Defendants | Case No. 1:22-CV-00184-REP<br><br>**MEMORANDUM IN SUPPORT OF<br>MOTION TO QUASH SERVICE OF<br>PROCESS AND DISMISS** |

Centurion of Idaho, by and through its counsel of record, Gjording Fouser PLLC, hereby

submits this memorandum in support of Centurion of Idaho's Motion to Quash and Dismiss.

## FACTUAL BACKGROUND

Plaintiff filed his Complaint on April 25, 2022 [Dkt. 1]. On September 8, 2022, this Court

entered its Initial Review Order by Screening Judge [Dkt. 6], which stated in part that:

> Plaintiff will be responsible for serving a summons and the
> Complaint upon Defendants by formal service of process or by
> obtaining signed waivers of service of summons from each
> Defendant or their counsel. Plaintiff must do so within 90 days. If
> he does not, his claims against unserved Defendants will be

> dismissed without prejudice, after notice to Plaintiff. See Fed. R.
> Civ. P. 4(m).

*Dkt. 6*, at 16. According to Rule 4(m), Plaintiff was required to serve Defendants by December 7, 2022.

On September 16, 2022, Plaintiff filed a Request for Issuance of Summons [Dkt. 8]. On September 20, 2022, this Court denied Plaintiff's request in part, stating again that "[t]he Court reminds Plaintiff that if any Defendant does not waive service, Plaintiff alone is responsible for effecting formal service of process upon them, as set forth in the Initial Review Order." *Dkt. 9.* This Court did, however, provided Plaintiff three copies of a Notice of a Lawsuit and Request to Waive Service of Summons. *Id.* Plaintiff did not send a Request to Waive Service of Summons to Defendant Centurion. *See Dkt. 11.*

On December 7, 2022, and once again on December 16, 2022, Plaintiff requested issuance of a summons and for an extension of Plaintiff's deadline to accomplish service. *Dkt. 17.* Plaintiff requested issuance of a summons and stated that Centurion Health Services was to be served at 8517 W. Overland Road, Boise, ID 83709. On December 19, 2022, this Court ordered that the United States Marshals serve Defendant Centurion at the address provided by Plaintiff. *Dkt. 21.* The Court did not directly address Plaintiff's request for an extension of time. *Id.*

On December 21, 2022, U.S. Marshals purported to serve "Centurion Medical" at the Overland address. According to the process receipt and return, Renee Cariaga was provided with the summons.[1] *Dkt. 23.*

---

[1] The process receipt and return refers to Ms. Cariaga as an administrative assistant, but Ms. Cariaga's proper title is office manager.

Presumably, Plaintiff was attempting to serve Centurion of Idaho, LLC. Centurion of Idaho does operate an office at the address provided by Plaintiff, but no person at that address is authorized to accept service on behalf of Centurion of Idaho. *Decl. of Renee Cariaga*, ¶ 6. Instead, Centurion of Idaho's registered agent is C T Corporation System, and the address of that registered agent is 1555 W. Shoreline Drive, Suite 100, Boise, ID 83702.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) is the proper vehicle for challenging the insufficiency of service of process. Likewise, a court may dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). These two rules work together, as a court lacks jurisdiction over a party who has not been properly served.[3]

Under Rule 4(m), meanwhile, it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint or request a waiver or service under Rule 4(d). Service upon a corporation (as Plaintiff is attempting to do here) must conform with Rule 4(h), which provides that:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

---

[2] *See* https://sosbiz.idaho.gov/search/business (accessed January 11, 2023).
[3] *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *Earle v. McVeigh*, 91 U.S. 503, 509, 23 L. Ed. 398 (1875); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void.").

(B) **by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process** and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h) (emphasis added).

Generally, a plaintiff bears the burden of demonstrating proper service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Courts require 'substantial compliance with Rule 4' and if a plaintiff fails to substantially comply, a court lacks personal jurisdiction over defendants." *Mendoza-Jimenes v. Bonneville Cnty.*, 2018 WL 3745818, at *3 (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). It is the Plaintiff's obligation to provide the correct service address to U.S. Marshall. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (overruled on other grounds by *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995)); *see also Lee v. Armantrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [Plaintiffs] responsibility to provide proper addresses for service ...."). Plaintiff is not proceeding in forma pauperis and is solely responsible for effecting service in this matter. *See Livingston v. Ugbor*, 2019 WL 183538, at *4 (S.D. Cal. Jan. 11, 2019).

## ARGUMENT

Plaintiff has not effected service on Centurion of Idaho, LLC because Plaintiff provided the Court with an incorrect address to serve Centurion. Plaintiff requested that the Court assist Plaintiff with service, and the Court granted that request in its discretion. Fed. R. Civ. P. 4(c)(3).

Plaintiff, however, provided information for an incorrect entity and at an address where no person was authorized to receive service on behalf of Centurion of Idaho or any other Centurion entity. The person served by the U.S. Marshals was Renee Cariaga, an office manager for Centurion. Ms. Cariaga is not Centurion's registered agent, a managing or general agent, or a person otherwise authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h); *Decl. of Renee Cariaga*, ¶ 6. Accordingly, Plaintiff has failed to accomplish service, and this Court accordingly lacks personal jurisdiction over Centurion of Idaho, LLC.

Centurion of Idaho, LLC accordingly requests that this Court issue an order quashing service and dismissing this matter with prejudice, as Plaintiff has not served Defendant Centurion within the time limit proscribed by Rule 4(m) and this Court's Initial Review Order [Dkt. 6].

## CONCLUSION

For the foregoing reasons, Centurion of Idaho respectfully requests that this Court issue an order quashing service of process and dismissing the claims against Defendant Centurion with prejudice.

DATED this 11ᵗʰ day of January, 2023.

GJORDING FOUSER PLLC


By___/s/ Eric W. Stokes_____
Eric W. Stokes – Of the Firm
*Attorneys for Centurion of Idaho, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 11th day of January, 2023, that on such date I served

the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Michael T. Hayes (#20633)          ☒  U.S. Mail, Postage Prepaid
IMSI J-34                                      ☐  Hand Delivered
P.O. Box 51                                   ☐  Overnight Mail
Boise, ID  83707                            ☐  Telecopy
*(Pro Se)*                                       ☐  Email


_____
          /s/ Eric W. Stokes
Eric W. Stokes