UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IDOC; RONA SIEGERT; CPL. GARCIA; CENTURION MEDICAL; MICHAEL GRACE; TONJA REIDY; and JANE AND JOHN DOE NURSES 1-6,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are several motions filed by the parties, including (1) Defendant Centurion's Motion to Quash Service of Process and Dismiss and (2) Plaintiff's Motions for Preliminary Injunction. *See* Dkts. 25, 35, 37, 39. Having carefully reviewed the record, the Court enters the following Order.

**1.　Centurion's Motion to Quash Service and Dismiss**

Plaintiff was responsible for service of process on Defendant Centurion. *See* Dkts. 6, 11. Nonetheless, the Court went above and beyond in this matter and ordered service by the U.S. Marshals—despite the fact that Plaintiff was not entitled to it. *See* Dkt. 21.

On December 21, 2022, the Marshals purported to "serve" Centurion at the address provided by Plaintiff. The Marshals provided the summons to Renee Cariaga, an office manager for Centurion. *See Process Receipt and Return*, Dkt. 23; *Decl. of Renee Cariaga*, Dkt. 25-2, ¶ 6. No other service of process has been accomplished on Centurion.

Defendant Centurion is correct that Centurion was not properly served in this matter. *See* Fed. R. Civ. P. 4(h) (service upon a corporation, partnership, or association is accomplished by delivering summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Renee Cariaga is not authorized to accept service on behalf of Centurion, and Plaintiff did not provide the correct address for Centurion or its registered agent. *Id*.

Plaintiff is incorrect that simply providing an attorney of a defendant with a copy of the complaint and a waiver of service of summons constitutes proper service of process. *See* Dkt. 26 at 1–2. Plaintiff, a frequent litigator, is well aware that the defendant *itself* must be provided with the waiver and that defendants are not required to waive service. Plaintiff is also incorrect that Centurion was formally served in December 2022, as Plaintiff did not provide the Court with the correct mailing address and registered agent of Centurion. *See id*. at 2–3.

For the foregoing reasons, the Court will grant Defendant Centurion's Motion to Quash Service. Given the amount of time this case has been pending and Plaintiff's repeated failure to timely serve Centurion (or to provide the Court with the correct service address for Centurion) despite numerous chances and detailed instructions, the Court will exercise its discretion to dismiss the claims against Centurion without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff has not established good cause for failing to provide the Court with the

proper service address for Centurion; he simply claims (incorrectly) that the address he provided the Court is Centurion's proper service address. *See id.* ("[I]f the plaintiff shows good cause for the failure [of service], the court must extend the time for service for an appropriate period."). If Plaintiff wishes to pursue his claims against Centurion, he may file a new civil rights lawsuit.

### 2.     Plaintiff's Motions for Preliminary Injunction

Plaintiff has filed three motions for preliminary injunctive relief. *See* Dkt. 35, 37, 39. Though these motions are not yet ripe, the Court concludes that Plaintiff has not shown entitlement to a preliminary injunction on the face of his moving papers. Therefore, the Court need not wait for Defendants' responses to the motions.

The purpose of a Rule 65 preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

A preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

MEMORANDUM DECISION AND ORDER - 3

The court must deny a request for a preliminary injunction "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Internat'l. Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). A court "is not obliged to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3rd Cir. 1990).

With nothing before it other than the allegations in the Complaint, the Court cannot conclude that Plaintiff is likely to prevail on the merits or that the public interest favors an injunction. Therefore, Plaintiff's request for preliminary injunctive relief will be denied.

## ORDER

IT IS ORDERED:

1. Defendant Centurion's Motion to Quash Service and Dismiss (Dkt. 25) is GRANTED. All claims against Centurion are DISMISSED without prejudice, and Centurion is TERMINATED as a party to this action.

2. Plaintiff's Motions for Preliminary Injunction (Dkt. 35, 37, and 39) are DENIED.

3. Plaintiff's Motion for Default Judgment (Dkt. 32) is DENIED.

4. Plaintiff's Motion for the Court to Order the Standard Disclosure and Discovery Order (Dkt. 33) is GRANTED to the extent that, contemporaneously with this Order, the Court is issuing that disclosure and discovery order, as well as a case management order.

DATED: April 6, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5