UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>        Plaintiff,<br><br>v.<br><br>IDOC; RONA SIEGERT; CPL. GARCIA; CENTURION MEDICAL; MICHAEL GRACE; TONJA REIDY; and JANE AND JOHN DOE NURSES, 1-6,<br><br>        Defendants. | Case No. 1:22-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this civil rights action is Plaintiff's Motion to Compel Discovery, in which Plaintiff claims that Defendant Siegert has not timely responded to certain discovery requests. *See* Dkt. 56. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, for the reasons that follow, the Court will deny Plaintiff's Motion to Compel.

1. **Background**

Plaintiff, a prisoner in the custody of the Idaho Department of Correction, claims that he has been denied adequate medical treatment in prison. Plaintiff has been permitted to proceed on Eighth Amendment claims, under 42 U.S.C. § 1983, against Defendants

MEMORANDUM DECISION AND ORDER - 1

Siegert and Garcia.[1] *Init. Rev. Order*, Dkt. 6, at 17.

In the instant Motion to Compel, Plaintiff claims that Defendant Siegert did not timely respond to five requests for admission and one request for production of documents. *See* Dkt. 56 at 2.

## 2. Standards of Law

Federal Rule of Civil Procedure 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although relevance has a broad meaning, district courts are given broad discretion to apply discovery rules to properly effect the policy of the Federal Rules of Civil Procedure—namely, to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In addition, this case is subject to the Court's Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases. *See* Dkt. 42. That Order sets forth the Court's mandatory disclosure requirements. As relevant here, the parties' mandatory disclosures must include:

> (a) all relevant medical and mental health records from the past and present, from both inside and outside medical providers if the records of such providers are in the possession or control of the disclosing party or that party's employer; (b) relevant prison records accessible to the parties; (c) internal and external correspondence specific to the claims at issue; (d) witness names and information, including identification of all medical personnel who participated in the plaintiff's medical treatment specifically at issue and the extent of their

---

[1] Plaintiff initially was also permitted to proceed against Defendant Centurion, the company responsible for providing medical treatment to inmates under contract with the IDOC, but those claims were later dismissed for lack of service. *See* Dkt. 40.

MEMORANDUM DECISION AND ORDER - 2

> knowledge of or participation in the plaintiff's treatment at issue; (e) information about why the medical provider selected the course of action or treatment for the plaintiff; (f) any investigations into the act or treatment at issue; (g) any supervisor's knowledge of or reviews of the act or treatment at issue, including internal records; (h) identification of witnesses who heard or saw the defendant's act, the plaintiff's complaints, or the plaintiff's condition, and what they heard or saw; (i) all conversations the plaintiff had with any medical provider or prison personnel about the act or treatment at issue, including the dates, subject matter of, and persons involved in the conversations; (j) all relevant records and all correspondence and writings of any kind, including emails, letters, and journal entries, specific to the claims at issue; (k) whether the plaintiff ever suffered from the same type of complaints before incarceration or at a different facility; (l) any video or audio recordings of the alleged act or treatment at issue; (m) the complete extent of the plaintiff's injuries and damages allegedly caused by the defendant's act and any supporting documentation; and (n) any other information, items, and documents relevant to the specific claims and defenses at issue.

*Id*. at 5–6.[2]

If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a). Generally, a court should deny a motion to compel only if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438–39 (9th Cir. 1992). In other words, a motion to compel "should be granted if the questions are relevant and proper…." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2286 (1994).

---

[2] Contrary to Defendant Siegert's contention, *see* Dkt. 57 at 3–4, the scope of discovery is not limited to this content. Rather, this content defines the scope of *mandatory disclosure*. The parties are permitted additional discovery requests beyond the mandatory disclosures, but they are limited to fifteen interrogatories, ten requests for production, and ten requests for admission. *See* Dkt. 42 at 6–7.

MEMORANDUM DECISION AND ORDER - 3

Before filing a motion to compel, the moving party must attempt in good faith to meet and confer with the opposing party or counsel regarding the discovery dispute:

> If a requesting party believes that (a) a responding party has failed to make disclosures or discovery in good faith, in whole or in part, and (b) the responding party should be compelled by the Court to provide the disclosure or discovery requested, the parties must first attempt to resolve their dispute without court action by conferring or attempting to confer in good faith by telephone or by letter. *See* Fed. R. Civ. P. 37(a)(1); D. Idaho Loc. Civ. R. 37.1.
>
> …
>
> Any motion to compel disclosure or discovery must be accompanied by a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as described above. Fed. R. Civ. P. 37(a)(1).

Dkt. 42 at 2–3. Failure to include a certification that the moving party has complied with the meet-and-confer requirement requires denial of the motion to compel.

**3.    Discussion**

Defendant Siegert claims that Plaintiff did not attempt to meet and confer with Siegert's counsel before filing the Motion to Compel. Dkt. 57 at 2. Although Plaintiff alleges, without admissible evidence, that he sent a copy of the Motion to Compel to Siegert's counsel with a letter requesting the discovery responses, the Motion to Compel does not include the required certification. Dkt. 56 at 4–8. Therefore, the Motion to Compel must be denied.

Even if Plaintiff had included the required certification, the Court would still deny the Motion. Defendant Siegert has submitted evidence that, since the filing of the Motion

to Compel, she has responded to the discovery requests that are the subject of the Motion. *See Decl. of Craig Stacey*, Dkt. 57-1, ¶ 5. Plaintiff has not refuted this evidence. Therefore, the Motion must be denied as moot. *See Anderson v. Carlin*, No. 1:02-CV-00204-LMB, 2014 WL 1317610, at *5 (D. Idaho Mar. 31, 2014) (unpublished) ("After Petitioner filed his [M]otion [to Compel], Respondent's counsel realized the mistake, and has since lodged the additional records. Therefore, the issue is moot ….") (internal quotation marks and citations omitted).

## ORDER

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (Dkt. 56) is DENIED.

DATED: February 2, 2024

_____
David C. Nye
Chief U.S. District Court Judge